1
2
3
4
5
6
7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  BRIAN JOSEPH STOLTIE,

11          Plaintiff,                No. 2:07cv1479-MCE-JFM (PC)

12      vs.

13  ANA SOARES, M.D., et al.,

14          Defendants.              ORDER

15  _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights complaint

17  pursuant to 42 U.S.C. § 1983.  On April 25, 2008, plaintiff filed a second motion to amend the

18  complaint.  Plaintiff has provided a proposed amended complaint.  Defendants have not filed an

19  opposition to this motion.[1]

20          Plaintiff seeks leave to amend to add MTA B. Gooselaw as a defendant.  Plaintiff

21  alleges MTA Gooselaw injected plaintiff with psychotropic medications without plaintiff's

22  consent on February 14, 2007.  Good cause appearing, plaintiff's motion to amend will be

23  granted.  Plaintiff will be directed to provide the appropriate forms to serve defendant Gooselaw.

24  _____

25      [1] Plaintiff appended a certificate of service attesting to service by mail on the Deputy
    Attorney General on April 18, 2008; in addition, counsel received also received notice of
26  electronic filing through the court's CM/ECF docketing program.

                                            1

Those defendants who have previously answered will be directed to either file an amended answer or notify the court they intend to rest on their January 16, 2008 answer.

On May 23, 2008, plaintiff also filed a motion to compel discovery. Plaintiff seeks an order compelling defendants to provide those documents they agreed to make available for plaintiff's inspection and copying which have not, to date, been provided. Specifically, plaintiff seeks the documents defendants state they have made available to plaintiff: requests for production nos. 11 through 14. Plaintiff, however, contends he has not received said documents. Plaintiff has provided evidence that his request to review his mental health records and medical records was denied by the treatment team on May 1, 2008. (Pl.'s Reply, Ex. A.) The disposition note reads "[b]elieved that such copies would interfere with treatment." (Id.) Plaintiff also seeks an order compelling defendants to answer interrogatories propounded one month prior to the discovery deadline.

On May 23, 2008, plaintiff filed a second request for extension of time in which to conduct discovery. Plaintiff contends he needs more time to obtain defendants' answers to his interrogatories propounded one month prior to the discovery deadline and will need more time to review the additional documents defendants provide (if any) and determine whether he needs to seek additional discovery.

Defendants oppose plaintiff's motion to compel discovery claiming they have already provided all documents in response to plaintiff's request for production of documents and contend plaintiff's interrogatories were untimely because they were not served 60 days prior to the discovery deadline as required by this court's scheduling order.

Plaintiff's Request for Production No. 11 sought

> Copies of all reports and orders written by defendants; A. Soares, D. Bennett, L. Terry, J. Halloway, and J. Rayfield, pertaining to the placement of the plaintiff Brian J. Stoltie in five point safety restraints on February 14, 2007.

Defendants' response stated:

2

1         Defendants object to plaintiff's request No. 11 on the grounds that the document and records requested are equally available to
2         plaintiff.  Defendants also object on the grounds that the phrase "pertaining to the placement of the Plaintiff Brian J. Stoltie in five
3         point safety restraints on February 14, 2007," is vague and ambiguous.  Without waiving the stated objections, defendants
4         supplement their response to Request No. 11 and provide plaintiff with a Physician's Order dated February 14, 2007, that is
5         responsive to this request.

6 (Opp'n, Ex. B at 6.)

7         Plaintiff's Request for Production No. 12 sought:

8         A list of the names of the other knowledgeable or responsible persons, such as, all staff working on or required to respond to Q-3
9         unit for an emergency situation on February 14, 2007.

10 Defendants' response stated:

11         Defendants object to plaintiff's request No. 12 on the grounds that the documents and records requested are equally available to the
12         plaintiff.  Defendants also object on the grounds that the request is irrelevant and not likely to lead to the discovery of admissible
13         evidence, and is over broad, vague and ambiguous.  Without waiving the stated objections, and to the extent that such
14         documents and records exist that are responsive to this request, defendants will make available for inspection and copying those
15         documents and records that are responsive to this request.

16 (Opp'n, Ex. B at 7.)

17         In plaintiff's Request for Production No. 13, plaintiff sought:

18         Copies of all medication administration records (MARS) from January 09, 2007 through March 31, 2007.
19

20 Defendants' response stated:

21         Defendants supplement their response to request No. 13 and object to plaintiff's request No. 13 on the ground that the plaintiff's
22         individual (MARS) records are equally available to plaintiff. Defendants also object on the grounds that the request is irrelevant
23         and over broad, and seeks documents that may contain privileged medical information and other privileged information relating to
24         other patients or inmates that is not relevant to this action.  Without waiving the stated objections, the documents and records requested
25         are contained in plaintiff's inmate medical file.  Defendants will make available for inspection and copying plaintiff's medical file
26         for inspection and copying.

1  (Opp'n, Ex. B, at 7.)

2  In plaintiff's Request for Production No. 14, plaintiff sought

> Copies of all psychiatrist[s] on duty (P.O.D.) Jane Does' notes and orders the night of February 13, 2007 in regards to plaintiff Brian J. Stoltie's treatment in California Medical Facility B-1 Clinic.

Defendants' response stated:

> Defendants object to plaintiff's request No. 14 on the grounds that the request is duplicative and irrelevant, and not likely to lead to the discovery of admissible evidence, and is over broad, vague, and ambiguous. Defendants also object on the grounds that the request seeks documents that may contain privileged medical information and other privileged information relating to other patients or inmates that is not relevant to this action. Without waiving the stated objections, to the extent that defendants possess documents and records that are responsive to this request, defendants will make available for inspection and copying those documents and records that only concern the plaintiff that are responsive to this request, and that are not privileged from disclosure by law.

(Opp'n, Ex. B at 7-8.)

No privilege log was provided for any of the responses at issue. Fed. R. Civ. P. 26(a)(5)(A).

While defendants contend they may not be required to produce documents previously produced, plaintiff contends he did not receive said documents or access to said documents, and plaintiff has rebutted defendants' position by producing evidence that his request to review his own mental health records and medical file was denied. Plaintiff has an absolute right to inspect his medical records. Cal. Health & Safety Code § 123110. Defendants have not offered any evidence to demonstrate plaintiff has been provided access to these files.

Good cause appearing, defendants will be ordered to ensure plaintiff is granted access to review his mental health records and medical file, with sufficient time to accomplish his review and access to a photocopy machine to make necessary copies. To the extent that any document identified in requests Nos. 11, 13 and 14 may not be located within plaintiff's medical or mental health records, defendants will be required to make those documents available as well.

1  Defendants are only required to make available those records specifically related to plaintiff, not
2  to any other inmate.  Defendants shall file a declaration confirming the dates and times plaintiff
3  was granted access to review his mental health records and medical file within ten days from the
4  last day plaintiff accomplishes said review.
5        Plaintiff's request to compel production in response to request No. 12 is denied.
6  Request No. 12 is more appropriately sought by interrogatory as it seeks a list of names.
7        In light of this order partially granting plaintiff's motion to compel, as well as
8  allowing plaintiff to proceed with his amended complaint that names a new defendant, plaintiff's
9  request to extend the discovery period will be granted.  The court will vacate the January 25,
10  2008 scheduling order.  Discovery will now close September 12, 2008.  Once service of process
11  is executed on defendant Gooselaw, the court will issue a revised scheduling order.  Defendants
12  will be directed to answer the interrogatories propounded April 18, 2008 within thirty days.
13  Plaintiff is cautioned, however, that no further extension of the discovery period will be granted.
14        Accordingly, IT IS HEREBY ORDERED that:
15        1. Plaintiff's April 25, 2008 motion to amend (docket no. 43) is granted.  This
16  action will proceed on plaintiff's April 25, 2008 amended complaint.  (Docket No. 44.)
17        2. Service is appropriate for defendant MTA B. Gooselaw.
18        3. The Clerk of the Court shall send plaintiff one USM-285 form, one summons,
19  an instruction sheet and a copy of the amended complaint filed April 25, 2008.
20        4. Within twenty days from the date of this order, plaintiff shall complete the
21  attached Notice of Submission of Documents and submit the following documents to the court:
22            a. The completed Notice of Submission of Documents;
23            b. One completed summons;
24            c. One completed USM-285 form for defendant Gooselaw; and
25            d. Two copies of the endorsed amended complaint filed April 25, 2008.
26  /////

5. Plaintiff need not attempt service on defendant Gooselaw and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

6. Within twenty days from the date of this order, those defendants who have previously answered shall either file an amended answer or notify the court they intend to rest on their January 16, 2008 answer.

7. Plaintiff's May 23, 2008 motion for extension of time to conduct discovery (docket no. 45) is granted.

8. The January 25, 2008 scheduling order (docket no. 18) is vacated. The parties may conduct discovery until September 12, 2008. Any motions necessary to compel discovery shall be filed by that date. All requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34 or 36 shall be served not later than sixty days prior to September 12, 2008.

9. Defendants are directed to answer the interrogatories propounded April 18, 2008 within thirty days from the date of this order.

10. Plaintiff's May 23, 2008 motion to compel discovery (docket no. 46) is partially granted.

   a. Within thirty days from the date of this order, defendants shall ensure plaintiff is granted access to review his mental health records and medical file, with sufficient time to accomplish his review and access a photocopy machine to make copies.

   b. Defendants shall file a declaration confirming the dates and times plaintiff was granted access to review his mental health records and medical file within ten days from the last day plaintiff accomplishes said review.

   c. To the extent that any document identified in requests Nos. 11, 13 and 14 may not be located within plaintiff's medical or mental health records, defendants shall make those

/////

1  documents available as well.  Defendants are only required to make available those records
2  specifically related to plaintiff, not to any other inmate.
3     d.  Plaintiff's motion to compel production in response to request No. 12 is
4  denied.
5  DATED:  June 24, 2008.

                UNITED STATES MAGISTRATE JUDGE

/001; sto1479.mta2

1
2
3
4
5
6

7                    IN THE UNITED STATES DISTRICT COURT

8                   FOR THE EASTERN DISTRICT OF CALIFORNIA

9  BRIAN JOSEPH STOLTIE,

10          Plaintiff,                    No. 2:07cv1479-MCE-JFM (PC)

11     vs.

12  ANA SOARES, M.D., et al.,             <u>NOTICE OF SUBMISSION</u>

13          Defendants.                   <u>      OF DOCUMENTS      </u>

14  _____/

15       Plaintiff hereby submits the following documents in compliance with the court's

16  order filed _____:

17          _____     completed summons form

18          _____     completed USM-285 forms

19          _____     copies of the _____

20                     Amended Complaint

21  DATED:

22
23
                                          _____
24                                                    Plaintiff

25
26