IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN JOSEPH STOLTIE,

        Plaintiff,                   No. CIV S-07-1479 MCE JFM P

   vs.

ANA SOARES, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding in propria persona with a civil rights action pursuant to 42 U.S.C. § 1983.

        On August 11, 2008, plaintiff filed a motion to compel the CDCR-DMH to provide plaintiff with meaningful access to an adequate law library or qualified legal assistance. (Id. at 3.) Plaintiff was transferred to the Salinas Valley Psychiatric Program which he alleges does not have an adequate law library, provide inmates physical access to an adequate law library or offer qualified legal assistance. (Id. at 1.) Plaintiff confirms he has access to a "computer program with a very limited amount of legal reference books, and a 'paging' system for those inmates who know exactly what forms they need." (Id.)

        The Supreme Court has held that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828, 97 S.Ct. 1491 (1977). However,

> [a] prisoner contending that his right of access to the courts was violated because of inadequate access to a law library must establish two things: First, he must show that the access was so limited as to be unreasonable. Second, he must show that the inadequate access caused his actual injury, i.e., show a specific instance in which [he] was actually denied access to the courts.

Vandelft v. Moses, 31 F.3d 794, 796-97 (9th Cir.1994). To prove actual injury, a prisoner must demonstrate that the alleged shortcomings in the library or legal assistance program hindered efforts to pursue a legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996). In Lewis, the court gave examples of what constitutes actual injury. Id., 518 U.S. at 351. The examples include having a complaint dismissed because of a failure to satisfy a technical requirement or being unable to even file a complaint.

Plaintiff has failed to demonstrate actual injury. A review of this court's docket demonstrates that plaintiff has not been denied access to the courts. Plaintiff has filed two motions since he was transferred. Plaintiff has not missed a deadline and his case is proceeding to trial. Accordingly, plaintiff's motion will be denied.

Finally, on August 18, 2008, plaintiff filed a motion in limine. This motion is premature. Plaintiff is advised that motions in limine must be filed no earlier than seven days prior to trial. Thus, the motion will be denied without prejudice to its renewal.

Accordingly, IT IS HEREBY ORDERED that

1. Plaintiff's August 11, 2008 motion (docket no. 60) is denied; and

2. Plaintiff's August 18, 2008 motion in limine (docket no. 62) is denied without prejudice.

DATED: August 25, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

1 /001; stol1479.ll